IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID SHIM, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 23-393 |
| v. ) | Judge Cathy Bissoon |
| ) | |
| ALLEGHENY COUNTY, PA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**I.  MEMORANDUM**

Defendants' Motions to Dismiss filed by Allegheny County and the Allegheny County Sheriff's Office (Docs. 22 & 27, respectively) will be granted, for the reasons that follow.

First, the Court finds as untimely Plaintiff's Title VII claims against Defendants. Title VII requires a claimant in Pennsylvania to file a charge with the EEOC within 300 days of the alleged discriminatory act. *See* 42 U.S.C. § 2000e-5(e)(1); 29 C.F.R. § 1601.13; Mandel v. M & Q Packaging Corp., 706 F.3d 157, 165 (3d Cir. 2013). Taking as true the facts in the Amended Complaint, the latest possible date of discrimination occurred on February 2, 2022. Am. Compl. ¶¶ 16, 22; EEOC Charge (Doc. 6-1) at 2. As such, Plaintiff had until November 29, 2022, to file a charge, but waited until December 8, 2022. Am. Compl. ¶ 8; EEOC Charge 2. Thus, Plaintiff's Title VII claim against Defendants is dismissed for failure to timely exhaust his administrative remedies.[1]

Additionally, the Court finds Defendant Allegheny County is not a joint employer as a matter of law. Specifically, the Sheriff's Office is an "Independently elected County Official[ ],"

---

[1] Any argument that the September 2022 arbitration proceeding tolled Plaintiff's time to file an EEOC charge is rejected. *See, e.g.*, Peter v. Lincoln Tech. Inst., Inc., 255 F. Supp. 2d 417, 428 (E.D. Pa. 2002) (citations omitted).

Allegheny Cty. Admin. Code §5-201.03, vested with its own "powers, duties and responsibilities," §5-101.03, regarding the "hiring, supervising and terminating of all personnel within their respective offices," §5-601.02, like Plaintiff — not Allegheny County. *See* Day v. Westmoreland Cty., 2021 WL 5015774, at *6 (W.D. Pa. Oct. 28, 2021) (applying the factors set forth in Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318 (1992) and holding, as a matter of law, that the county was not a joint employer based on the Sheriff's Office's statutory authority); *id*. (citing Bowser v. Clarion Cty., 206 A.3d 68, 78 (Pa. Cmwlth. Ct. 2019) ("[T]he County's duty and role with respect to issues such as funding, salary, benefits, and collective bargaining are simply not enough to establish a joint employer relationship.")).  The Court finds this issue is identical to that presented in Day v. Westmoreland County, where the court looked to the statutory authority for the county sheriff and held that the county was not considered a joint employer as a matter of law. *Compare* Day v. Westmoreland Cty., 2021 WL 5015774 at *5-6 *with* Allegheny Cty. Admin. Codes §5-201.03 (identifying the County Sheriff as an independent county official), §5-601.01 (granting the County Sheriff the independent authority regarding personnel).  For these reasons, the Court finds that Defendant Allegheny County is not a joint employer and is therefore dismissed.[2]

Next, Plaintiff fails to state a claim upon which relief can be granted under any of his constitutional claims.  The Supreme Court and the Court of Appeals for the Third Circuit have found vaccine mandates constitutional. Jacobson v. Massachusetts, 197 U.S. 11 (1905); Prince v. Massachusetts, 321 U.S. 158, 166-67 (1944); Children's Health Def., Inc. v. Rutgers, the State Univ. of New Jersey, 93 F.4th 66, 81 (3d Cir. 2024).  Accordingly, the Court finds these cases

---

[2] However, to complete the Court's analysis, the Court will consider the claims, parties, and vaccination mandates together as these categories overlap substantially, differentiating the claims, vaccination mandates and/or parties if necessary.

control, and are dispositive of Plaintiff's constitutional claims. Nevertheless, the Court will analyze Plaintiff's First Amendment claims first, then turn to his Fourteenth Amendment claim and end by analyzing his Rehabilitation claim.

With respect to Plaintiff's First Amendment claims, Plaintiff contends that Defendants' policy, practices and customs violated the Free Exercise (Claim III) and Establishment clauses (Claim V) and suppressed his right to Free Speech (Claim II) because he was denied the ability to articulate his Christian beliefs. Am. Compl. ¶¶ 88-114, 126-138. The Court will take these First Amendment claims in turn.

Regarding Plaintiff's Free Exercise claim (Claim III), and for the reasons that follow, the Court finds that the vaccine mandate only needs to pass a rational basis review as it is both neutral and generally applicable. Emp. Div. Dep't of Hum. Res. of Oregon v. Smith, 494 U.S. 872, 879 (1990). Consequently, the vaccine mandate easily meets this standard.

To determine neutrality, the law at issue must not discriminate on its face. Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 533 (1993). However, a facially neutral law or policy will run afoul of this principle if it "targets religious conduct for distinctive treatment," thereby requiring courts to consider the "historical background of the decision under challenge, the specific series of events leading to the enactment or official policy in question, and the legislative or administrative history, including contemporaneous statements made by members of the decisionmaking body." *Id*. at 534, 40, 46; *see also* Spivack v. City of Philadelphia, 649 F. Supp. 3d 45, 55 (E.D. Pa. 2023). Here, the Court finds that the vaccine mandate is neutral on its face as it applies to all Allegheny County employees, it did not single out any person or groups of people and stemmed from Defendants' public health concerns caused by the rise of infection numbers of COVID-19.

Additionally, the Court finds that the vaccine mandate is generally applicable. A law or policy is not generally applicable if it (1) prohibits religious conduct but permits comparable secular conduct; or if it (2) invites the government to consider the particular reasons for a person's conduct by providing a mechanism for individualized exemptions. Fulton v. City of Philadelphia, Pennsylvania, 593 U.S. 522, 533 (2021) (internal quotes omitted); Blackhawk v. Pennsylvania, 381 F.3d 202, 209 (3d Cir. 2004). Plaintiff argues that Defendants "exercise[d] discretion in applying a facially neutral law" because the religious and medical exemptions "exempt[ed] some secularly motivated conduct b[ut] not comparable religiously motivated conduct." Resp. to Sheriff's Office (Doc. 30) at 11-12; *see also* Resp. to Allegheny County (Doc. 29) at 11-12. However, as other federal courts have recognized, the "'mere existence of an exemption procedure,' absent any showing that secularly motivated conduct could be impermissibly favored over religiously motivated conduct, is not enough to render a law not generally applicable and subject to strict scrutiny." Spivack, 649 F. Supp. at 58 (quoting We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 288 (2d Cir. 2021)).

Here, Plaintiff has not demonstrated that the religious exemption (or compared against the medical exemption) impermissibly favored secular conduct over religious conduct. Plaintiff simply relies on bare averments. *See, e.g.*, Am. Compl. ¶¶ 9-14; *see also* Resp. to Sheriff's Office 11-12; Resp. to Allegheny County 9-12. Because Plaintiff fails to sufficiently plead that the policy is not neutral and generally applicable, rational basis review applies, and easily is met. Specifically, the vaccine mandate is rationally related to the legitimate purpose of stemming the spread of COVID-19 and promoting the health and safety of its employees and the general public with whom they interact. Sheriff's Office Br. (Doc. 28) ¶ 37; Allegheny County Br. (Doc. 23) 12-14.

Although the Court finds rational basis review to be appropriate, the vaccine mandate would nonetheless survive under strict scrutiny.  The policy is narrowly tailored to serve the compelling government interest of "[s]temming the spread of COVID-19."  Roman Catholic Diocese of Brooklyn v. Cuomo, 141 S. Ct. 63, 67 (2020).  Plaintiff asserts Defendants could have reached this interest with less restrictive means, such as wearing a mask, weekly testing for the virus, factoring in the effectiveness of his natural immunity or a combination of these options rather than being subjected to the vaccine mandate.  See Am. Compl. ¶¶ 56-57.  However, as our sister court held in Spivack, the policy is narrowly tailored by the least restrictive means because Defendants weighed these options and determined that weekly COVID-19 testing and masking would be expensive and/or too difficult to enforce and would negatively impact its policy goal of stopping the spread of this unprecedented virus.  649 F. Supp. at 10-12.  Furthermore, the Court agrees that masking and weekly testing would unduly burden Defendants by creating unnecessary expenses to ensure each employee's full and continuous compliance, assuming such measures would be effective.  Importantly, Plaintiff's duties as a deputy sheriff caused him to be in close contact to with the general public through "law enforcement, arrest and detention, courtroom security, public safety," among other duties.  Sheriff's Office Br. ¶ 43.  For these reasons, the Court finds that the vaccine mandate is narrowly tailored, using the least restrict means to serve the compelling government interest of stemming the spread of COVID-19 and promoting health and safety.

Consequently, the Court joins other federal courts in finding that vaccine mandates do not violate the Free Exercise Clause of the First Amendment as there is no constitutional right to a religious exemption from a vaccine mandate.  See, e.g., Nikolao v. Lyon, 875 F.3d 310, 316 (6th Cir. 2017) ("[S]he has not been denied any legal right on the basis of her religion.

Constitutionally, [plaintiff] has no right to an exemption."); Phillips v. City of New York, 775 F.3d 538, 543 (2d Cir. 2015) (finding mandatory vaccination does not violate the Free Exercise Clause); Workman v. Mingo Cty. Bd. of Educ., 419 F. App'x 348, 354 (4th Cir. Mar. 22, 2011); Harris v. University of Massachusetts, Lowell, 557 F.Supp.3d 304, 315 (D. Mass. Aug. 27, 2021) ("[Defendant] is under no constitutional obligation to offer a religious exemption to its Vaccine Requirement."). Finding otherwise would "permit every citizen to become a law unto himself." Emp. Div. v. Smith, 494 U.S. at 879.

Moreover, Plaintiff's allegations that the Sheriff's Office's denial of his religious exemption constitutes impermissible content-based restrictions and viewpoint discrimination under his Free Speech claim (Count II) are unavailing. Plaintiff contends Defendants had "unbridled discretion to permit or refuse protected religious expression" and "upon information and belief" Defendants granted accommodations and exemptions to nonreligious employees and employees who were members of other sects and religions, but denied these overtures to Christians, like Plaintiff. Am. Compl. ¶¶ 91-94. The Court finds these conclusory allegations unpersuasive and agrees with Defendants that the vaccine mandate is content-neutral as the vaccine mandate applies to all employees regardless of religion, and it does not have the primary effect of advancing or inhibiting religion. See Sheriff's Office Br. ¶ 20-28; Allegheny County Br. 15-16. As Defendant Allegheny County points out in an alternative First Amendment context, this argument presupposes that all employees that received the vaccination were not religious and all those who refused were, which is unsupported by Plaintiff's allegations or reason. Allegheny County Br. 15-16.

Similar to Plaintiff's First Amendment restraint of speech and free exercise claims, Plaintiff's Establishment Clause claim (Count V) also fails as the historical practices and

understandings of established case law have shown that mandatory vaccine policies similar to the mandate set by Allegheny County and implemented by the Sheriff's Office is an act that has been a constitutionally upheld historical practice.  Kennedy v. Bremerton School Dist., 597 U.S. 507, 535-36 (2022) (abandoning the Lemon v. Kurtzman, 403 U.S. 602 (1971) test for the historical practices and understandings test); *see, e.g.*, Jacobson, 197 U.S. at 29-30; Prince, 321 U.S. at 166-67 (stating in dicta that "[t]he right to practice religion freely does not include liberty to expose the community or child to communicable disease or the latter to ill health or death"); Children's Health Def., Inc., 93 F.4th at 81.  Accordingly, a rational-basis review applies and is met for the same reasons as discussed above.

For these reasons, Plaintiff's First Amendment claims are dismissed under his theories of Free Exercise (Claim III), Free Speech (Claim II) and Establishment (Claim V) clauses for failure to state a claim for relief.

With respect to Plaintiff's Equal Protection Clause claim (Claim IV), and for similar reasons discussed above, the vaccine mandate is facially neutral, and Plaintiff has failed to plead the existence of a discriminatory purpose or discriminatory effect to receive heightened scrutiny. The vaccine mandate required all Allegheny County employees to become vaccinated by December 1, 2021, regardless of religious affiliation, negating Plaintiff's contention that the vaccine mandate had a discriminatory purpose.  *See* Allegheny County Br. 14-15.  As such, the Court applies again a rational basis review and finds that the vaccine mandate in this case satisfies such requirements.  McClesky v. Kemp, 481 U.S. 279 (1987); City of Mobile v. Bolden, 446 U.S. 55 (1980); Personnel Administrator of Massachusetts v. Feeny, 442 U.S. 156 (1979). Specifically, the vaccine mandate is rationally related to the legitimate government interest of stemming the spread of COVID-19 and promoting the health and safety of the public.  Thus,

Plaintiff's Equal Protection claim under the Fourteenth Amendment similarly is dismissed for failure to state a claim for relief.[3]

Lastly, Plaintiff failed to state a claim for relief under the Rehabilitation Act (Claim VI) against the Sheriff's Office. The Court questions whether Plaintiff's claimed disability of stress and anxiety caused by the denial of his religious exemption was a substantial impediment to employment or limited one or more of his major life activities as Plaintiff only makes bare averments to such allegation. *See* Am. Compl. ¶¶ 18-20, 141, 43. Nonetheless, taking the facts in the Amended Complaint as true, as the Court must at this juncture, Plaintiff's alleged disability was not the sole reason for his termination. Specifically, Plaintiff alleged that his termination was based on both his disability *and* his religious beliefs. *See* Am. Compl. ¶¶ 18-20, 44-54, 55-138; Resp. to Sheriff's Office 5; *see generally* Resp. to Allegheny County. And the Court of Appeals for the Third Circuit has made clear that "[b]ecause the [Rehabilitation Act]'s causation requirement requires disability to be the *sole* cause of discrimination, an alternative cause is fatal to [a Rehabilitation Act] claim because disability would no longer be the sole cause." VCG v. Pennsylvania Dep't of Educ., 734 F.3d 229, 236 n.11 (3d Cir. 2013) (emphasis added). Thus, Plaintiff's alternative cause of discrimination based on religion is fatal to his Rehabilitation Act claim and is thereby dismissed.

The Court hereby enters the following:

## II. ORDER

Based on the foregoing, Defendants Allegheny County's (**Doc. 22**) and Allegheny County Sherriff's Office's (**Doc. 27**) respective Motions to Dismiss are **GRANTED**. Plaintiff's

---

[3] To the extent Plaintiff attempts to bring a class of one theory forward, this argument is rejected for the reasons explained by Defendants. *See* Allegheny County Br. 16-17.

claims pursuant to Title VII (Count I), the First (Counts II, III & V) and Fourteenth Amendments (Count IV) and Rehabilitation Act (Count VI) are **DISMISSED WITH PREJUDICE**;[4] and Allegheny County has been terminated as a party.  Judgment under Rule 58 will be entered forthwith, and the case marked closed.

March 13, 2024

cc (via ECF email notification):
All Counsel of Record

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

---

[4] For reasons that should be obvious, dismissal of Plaintiff's claims will be with prejudice based on futility for Plaintiff's failure to state a claim regarding his constitutional and Rehabilitation Act claims and for his failure to demonstrate the timely exhaustion of administrative remedies with respect to his Title VII claim. Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010).